**\*\*E-filed 02/23/2011\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN GARTH,

    Plaintiff,

v.

JOHN TENNANT MEMORIAL-EPISCOPAL SENIOR COMMUNITIES (JTM-ESC); VINCENT CHEUNG AND THE OAK CENTER TOWERS OFFICE STAFF; GUARDSMARK SECURITY AND STAFF; HOUSING URBAN DEVELOPMENT; and THE RENT PROGRAM

    Defendants.

No. C 11-00748 RS

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

On February 18, 2011, pro se plaintiff John Garth filed suit against the John Tennant Memorial Episcopal Senior Communities and various other defendants. Based on his complaint, Garth apparently lives at the Oak Center Towers in Oakland, California. He contends that defendants harass him, invade his privacy, and tamper with the delivery of his mail. He also claims that enforcement of "Rule 34" of his lease agreement, setting forth restrictions on guests and visitors, constitutes unlawful discrimination. On the same day, Garth also filed a motion for a temporary restraining order (TRO) to enjoin defendants from harassing him; diverting his mail; making erroneous or slanderous statements; contacting his family members, associates, or guests; invading his privacy; engaging in assaultive behavior or retaliation; and enforcing Rule 34.

Under Federal Rule of Civil Procedure 65(b), the Court may issue a TRO if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant's attorney must certify in writing "any efforts made to give notice." Fed. R. Civ. P. 65(b)(1)(B). Moreover, injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 376 (2008). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Rivera v. BAC Home Loans Servicing, L.P.*, No. C 10-02439 RS, 2010 U.S. Dist. LEXIS 60668, at *2 (N.D. Cal. June 7, 2010) (internal quotation marks and citation omitted).

In order to obtain injunctive relief, a plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable injury; (3) that the balance of hardships tips in his favor; and (4) that an injunction is in the public interest. *See Winter*, 129 S. Ct. at 374. In a sliding scale version of these requirements, relief may be granted where the plaintiff establishes that serious questions on the merits exist and the balance of hardships tips sharply in his favor. *See Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960, 968 (9th Cir. 2010).

In this case, Garth fails to demonstrate a likelihood of success, or even serious questions, on the merits of his suit. Although he alleges that defendants' conduct violates his rights, aside from general references to the Constitution and federal rules prohibiting discrimination, he does not identify the legal basis for any claim. Garth also fails to identify an immediate harm warranting issuance of a TRO. Finally, the complaint has yet to be served on any of the defendants and the motion does not describe any efforts made to provide them notice. Accordingly, Garth's motion for TRO is denied.

IT IS SO ORDERED.

Dated: 02/23/2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**John Garth**
1515 Market Street
Suite 1014
Oakland, CA 94607

DATED:  02/23/2011

/s/ Chambers Staff
Chambers of Judge Richard Seeborg