**\*\*E-filed 11/21/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN GARTH, *et al.*,

        Plaintiffs,
  v.

JOHN TENNANT MEMORIAL-
EPISCOPAL SENIOR COMMUNITIES
(JTM-ESC); VINCENT CHEUNG; THE
OAK CENTER TOWERS OFFICE STAFF;
GUARDSMARK SECURITY *and* STAFF;
*and* DEFENDANT DOES 1-20,

        Defendants.
_____/

No. C 11-00748 RS

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR CRIMINAL SANCTIONS**

## I. INTRODUCTION

*Pro se* plaintiffs John Garth and Maya Freeman brought this action against defendants John Tennant Memorial Communities and Episcopal Senior Communities (sued as John Tennant Memorial-Episcopal Senior Communities) (hereafter referred to as "JTMC"), Vincent Cheung and the Oak Center Towers (OCT), and Guardsmark, LLC (sued as Guardsmark Security). Based on his complaint, Garth was formerly a resident at OCT, an apartment complex in Oakland, California, and Freeman was a frequent visitor to Garth's apartment. According to plaintiffs, JTMC is a "housing management business" that operates OCT, and Cheung is an employee of JTMC. Guardsmark apparently provides security for the property. Plaintiffs' first amended complaint, which closely resembles the operative second amended complaint (SAC), was previously dismissed with leave to

amend for lack of subject matter jurisdiction and for failure to state a claim. Defendants now move to dismiss the SAC with prejudice on the same grounds. Also before the court is plaintiffs' motion for criminal sanctions. Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and for the reasons stated below, the motion to dismiss is granted in part with leave to amend, and in part without leave to amend. Plaintiffs' motion for sanctions is denied.

## II. BACKGROUND

Plaintiffs generally accuse JTMC, OCT, and Guardsmark of "harassment, invasion of privacy, mail tampering, illegal eviction threats, threatening behavior, slander and erroneous statements," among other state law claims. Elsewhere in the complaint, plaintiffs also appear to assert Fourth Amendment, Fair Employment Housing Act (FEHA), and Unruh Civil Rights Act claims. Although the SAC is over thirty pages long, it resembles plaintiffs' previous complaints, insofar as the averments are contained in paragraphs that are pages-long, jumbled, repetitive, and punctuated by quotations of entire sections of the California Civil Code. As a result, it is difficult to discern any coherent set of facts that support plaintiffs' claims.

As far as can be discerned, plaintiffs contend that they have been the victims of a campaign of harassment, allegedly at the hands of defendants. Defendants' purported offenses include filing an unlawful detainer action against Garth and/or Freeman, commencing eviction proceedings against Garth, "placing unmailed mail, with no postage, that had not been through the U.S. Postal Service, in Plaintiffs' mailbox for several years," and verbally and sexually harassing Freeman. As in the previous complaint, plaintiffs challenge defendants' enforcement of "Rule 34" of Garths' old lease agreement, which sets forth restrictions on visiting hours and the number of overnight stays by guests. The SAC also relates an incident that took place on February 20, 2011, in which a Guardsmark employee and two Oakland police officers allegedly entered Garth's apartment without his consent. Finally, plaintiffs aver that they are "being electronically monitored and tracked" by unknown parties, possibly in connection with one of their other cases. Although the SAC alleges an assortment of additional facts – such as Garth's recent homelessness – they bear no apparent relation to any cognizable legal theory.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Dismissal is appropriate if the claimant either does not raise a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim. *See* Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must include enough factual content to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing 550 U.S. at 556). Dismissal without leave to amend is appropriate where the complaint cannot be saved by any amendment. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

VI. DISCUSSION

A. <u>Federal claims</u>

As the previous dismissal order explained, plaintiffs' Fourth Amendment claim must fail because the allegations are insufficient to support an inference of government action. Although Oakland police allegedly entered Garth's apartment with a Guardsmark employee, the SAC does not suggest that the latter was acting as an agent of the state. To the contrary, the SAC suggests that the Oakland police restrained the Guardsmark employee. Similarly, plaintiffs still have not provided any legal theory or facts to support their claim that defendants' enforcement of Rule 34 violates federal statutory or constitutional law. JTMC, OCT, and all other defendants in this case are private actors, therefore their rules are not subject to a constitutional challenge. Finally, although plaintiffs assert, in conclusory fashion, that they have suffered discrimination, Rule 34 is facially neutral, and there is no evidence in the record to support an inference of illegal discrimination by defendants. Plaintiffs' amendments to their complaint do not alter these conclusions. As a result, plaintiffs'

Fourth Amendment and discrimination claims, to the extent they sound in federal law, must be dismissed.[1] Defendants argue that dismissal should be with prejudice because plaintiffs have already been afforded two opportunities to amend their complaint, and yet have done nothing to redress the identified deficiencies. In recognition of their *pro se* status, however, and the fact that they have alleged, at a bare minimum, an unwanted intrusion into Garth's apartment by Oakland police, plaintiffs will be granted one more opportunity to amend the pleadings to cure their Fourth Amendment claim.

Finally, plaintiffs' claim for mail tampering is also not viable. The SAC's sole, relevant averment is that defendants placed materials that lacked postage, and had not passed through the Postal Service system, in plaintiffs' mailbox. Such conduct, without more, is not actionable, and in any event, liability cannot be premised on the administrative regulation cited by plaintiffs.[2] *See* 39 C.F.R. § 266.2 (setting forth internal policies for the Postal Services' handling of private information). Therefore, plaintiffs' claim for mail tampering is also dismissed without leave to amend. In conclusion, all of plaintiffs' federal claims must be dismissed and only the Fourth Amendment claim may be amended.

B. <u>State law claims</u>

Plaintiffs' remaining state law claims do not meet Rule 8's most basic requirement. Fed. R. Civ. P. 8 (requiring a "short and plain statement of the claim"). As noted above, the complaint is so disorganized, conclusory, and opaque, that no cognizable state law claims are discernible. Merely listing possible legal theories, as the SAC does repeatedly ("harassment, invasion of privacy, mail tampering, illegal eviction threats, threatening behavior, slander and erroneous statements"), is not sufficient to sustain an action. *Iqbal*, 129 S. Ct. at 1949. Likewise, long lists of case names and recitations of the California Civil Code, without any associated facts or additional explanation, do

---

[1] Although the SAC repeatedly states that defendants have violated plaintiffs' "civil rights" and "basic human rights," such bald assertions cannot sustain an action under Federal Rule of Civil Procedure 12(b)(6), as discussed in greater detail below. It follows that plaintiffs' state law claims for discrimination, under the Unruh Civil Rights Act and FEHA, must be dismissed.

[2] The SAC also contains repeated references to 20 U.S.C. § 1097, a provision of the law that specifies criminal penalties for fraud committed in connection with federal student loan programs. These provisions of federal law are equally irrelevant. There have never been any factual allegations concerning student assistance, therefore to the extent plaintiffs allege liability under § 1097, those claims must be dismissed with prejudice.

not assist the defendants or the court in identifying plaintiffs' asserted claims. It follows that plaintiffs' remaining state law claims must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). As the prior order instructed, in any attempt to replead, plaintiffs must separately state each claim they are asserting and include factual allegations individually directed to each such claim.

### C. Criminal Sanctions

Finally, plaintiffs have filed a motion for criminal sanctions without a proper notice, as required under Local Rule 7-2. The motion itself does not set forth any legal or factual basis for such an extraordinary measure, but merely repeats language taken from the SAC. Moreover, nothing in the record suggests that sanctions are warranted. The motion is therefore denied with prejudice.

## V. CONCLUSION

Defendants' motion is resolved as follows:

(1) plaintiffs' Fourth Amendment claim is dismissed with leave to amend;

(2) plaintiffs' claim that Rule 34 was enforced in a discriminatory manner, in violation of federal law, is dismissed with prejudice;

(3) plaintiffs' FEHA claim is dismissed with prejudice;

(4) plaintiffs' "mail tampering" claim is dismissed with prejudice; and,

(5) plaintiffs' state law claims are dismissed for failure to state a claim, with leave to amend.

To the extent they can do so in good faith, plaintiffs may file an amended complaint as to numbers (1) and (5) above, correcting the identified deficiencies, **by December 9, 2011.** Additionally, the case management conference scheduled for December 1, 2011, at 10:00 a.m., is hereby vacated.

Plaintiffs' motion for criminal sanctions is denied with prejudice.

IT IS SO ORDERED.

Dated: 11/18/2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE